IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**QUINTEZ CEPHUS,**

    Plaintiff,

    v.                                         Case No. 3:21-CV-126

**BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM,
LAUREN HASSELBACHER, in her
individual and official capacity, and
REBECCA BLANK, in her individual
and official capacity,**

    Defendants.

---

**REPORT OF PARTIES' PLANNING MEETING AND PRETRIAL REPORT**

---

Plaintiff, by his attorneys, Nesenoff & Miltenberg, LLP and Gimbel, Reilly, Guerin & Brown, LLP, and Defendants the Board of Regents of the University of Wisconsin System ("UW-Madison" or the "University"), Lauren Hasselbacher ("Hasselbacher"), and Rebecca Blank ("Blank") (hereinafter collectively referred to as "Defendants"), through their attorneys, Attorney General Joshua L. Kaul and Assistant Attorneys General Rachel L. Bachhuber and Ann M. Peacock, hereby state the following as the Report of the Parties' Planning Meeting and Preliminary Pretrial Report.

The parties file this report of their conference under the Federal Rules of Civil Procedure 26(f) and their Preliminary Pretrial Report and Joint Discovery Plan in accordance with the Standing Order Governing Preliminary Pretrial Conferences.

1

# **PRETRIAL REPORT**

1. **Nature of the case.** Plaintiff alleges UW-Madison discriminated against him on the basis of sex in an educational program or activity, in violation of Title IX of the Education Amendments of 1972. Plaintiff alleges Defendants Blank and Hasselbacher violated his Fourteenth Amendment procedural due process rights under 42 U.S.C. § 1983. Plaintiff further alleges UW-Madison breached contractual obligations imposed by, among other things, the published policies and procedures of UW-Madison (Plaintiff also pleads, in the alternative, estoppel/detrimental reliance). The Defendants deny all claims and have filed a motion to dismiss the complaint.

2. **Related cases.** *Jane Doe v. Board of Regents of the University of Wisconsin System, et al.*, 20-cv-0856, arises from some of the same general facts and circumstances as the instant case.

3. **Material facts and legal issues.**
    a. Did the University discriminate against Plaintiff on the basis of gender when investigating/adjudicating the claims against him and expelling him from UW-Madison?
    b. Did Blank and Hasselbacher violate Plaintiff's Fourteenth Amendment due process rights?
    c. Did the University breach contractual obligations to Plaintiff under the University's published policies and procedures?

**4. Anticipated amendment of the pleadings, including the addition of parties.** The parties agree that Plaintiff may amend his pleading within 30 days of the decision on Defendants' motion to dismiss.

**5. Anticipated length of trial.** Five days.

**6. Factors affecting the just, speedy and inexpensive disposition of the case.** It is possible that issues may arise under the Family Educational Rights and Privacy Act (FERPA) that necessitate the issuance of subpoenas for education records of non-party students. Discovery could be slowed if the court receives motions to quash those subpoenas.

## PLANNING REPORT

1. Initial disclosures under Rule 26 shall be made within 45 days of the decision on Defendants' motion to dismiss.

2. Discovery shall be needed on issues of liability and damages, and it should end 30 days prior to trial.

3. The parties anticipate expert disclosures may be necessary for both liability and damages and would like dates for liability expert disclosures no less than 45 days before summary judgment and damages expert disclosures no less than 45 days before the discovery cutoff deadline.

4. The parties are unaware of any atypical issues of privilege in this matter, other than the names of other students, and the educational records of students, for which the parties will draft and present to the court a stipulation for a protective order. The parties do not anticipate atypical issues of privilege related to protection of trial-preparation materials. The parties agree that an inadvertent disclosure in discovery of privileged material does not constitute a waiver of the privilege pursuant to Fed. R. Evid. 502, and that should an inadvertent

disclosure occur, the parties agree to work cooperatively return and/or destroy inadvertently disclosed materials.

5. The parties agree that discovery requests and responses may be served by electronic means.

6. The parties do not anticipate the need to limit discovery under the rules, except as described above. The parties agree to work cooperatively regarding the delivery and format of electronically stored information.

Dated this 20th day of May, 2021.

**NESENOFF & MILTENBERG LLP**
*Attorneys for Plaintiff Quintez Cephus*

By: /s/Andrew T. Miltenberg, Esq.
Andrew T. Miltenberg, Esq.
Stuart Bernstein, Esq.
Adrienne Levy, Esq.
363 Seventh Avenue, 5th Floor
New York, New York 10001
212-736-4500 (telephone)
212-736-2260 (fax)
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
alevy@nmllplaw.com

**GIMBEL, REILLY, GUERIN & BROWN, LLP**
*Attorneys for Plaintiff Quintez Cephus*
By: /s/Jason D. Luczak, Esq.
Jason D. Luczak
330 East Fillbourn Avenue
Suite 1170
Milwaukee, Wisconsin 53202
414-271-1440 (telephone)
414-271-7680 (fax)
jluczak@grgblaw.com

**WISCONSIN DEPARTMENT OF JUSTICE**
*Attorneys for Defendants*

By: /s Ann M. Peacock, Esq.

JOSHUA L. KAUL
Attorney General of Wisconsin

RACHEL L. BACHHUBER
Assistant Attorney General
State Bar #1052533

ANN M. PEACOCK
Assistant Attorney General
State Bar #1046175

Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-9451 (Bensky)

(608) 266-9230 (Peacock)
(608) 267-8906 (Fax)
peacockam@doj.state.wi.us
bachhuberrl@doj.state.wi.us