**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

```
-------------------------------------------------------------X
QUINTEZ CEPHUS,                         :
                                        :
            Plaintiff,                  :
                                        :
v.                                      :      Index No. 3:21-cv-0126
                                        :
BOARD OF REGENTS OF THE                 :
UNIVERSITY OF WISCONSIN                 :
SYSTEM; UNIVERSITY OF                   :
WISCONSIN-MADISON; LAUREN               :      DECLARATION OF
HASSELBACHER, in her                    :      QUINTEZ CEPHUS
individual and official capacity,       :
CATHY TRUEBA,                           :
in her individual and official capacity,:
and REBECCA BLANK, in her               :
individual and official capacity,       :
                                        :
            Defendants.                 :
-------------------------------------------------------------X
```

Plaintiff Quintez Cephus, being of sound mind and over the age of eighteen years, hereby declares, subject to the penalties of perjury pursuant to 28 U.S.C. § 1746:

1.      I am the Plaintiff in this action and as such, I am fully familiar with the facts and circumstances set forth herein.

2.      I matriculated to the University of Wisconsin-Madison in June of 2016.

3.      In the late evening of April 21, 2018 into the early morning of April 22, 2018, I had a consensual sexual encounter with the women identified in the Complaint as "Complainant 1" and "Complainant 2".

4.      In the afternoon of April 22, 2018, I was contacted by the Madison Police Department ("MPD"), notifying me that MPD was executing a search warrant of my apartment.

1

When I arrived at my apartment, MPD officers notified me that the Complainants had accused me of sexually assaulting them the night prior.

5.     On April 27, 2018, I retained Attorney Stephen Meyer ("Meyer") to represent me in connection to Complainant 1 and Complainant 2's allegations of sexual assault.

6.     I received a Notice of Charge letter from Defendant Hasselbacher on May 28, 2018, notifying me that I had been charged by the University with sexual assault in the second degree, sexual assault in the fourth degree, and capturing an intimate photograph without consent with respect to Complainant 1, and sexual assault in the second degree, sexual assault in the third degree, and capturing an intimate photograph without consent with respect to Complainant 2.

7.     On May 31, 2018, Defendant Hasselbacher issued a revised Notice of Charge letter, which eliminated the charge of sexual assault in the fourth degree with respect to Complainant 1.

8.     On August 17, 2018, the Dane County District Attorney's Office filed formal charges against me for sexual assault of Complainant 1 and Complainant 2.

9.     In August of 2018, I retained Nesenoff & Miltenberg, LLP to represent me for the University proceedings, while Meyer remained my attorney in the criminal matter.

10.    On August 22, 2018, Andrew Miltenberg of Nesenoff & Miltenberg, LLP sent a letter to Defendant Hasselbacher stating that I would be constrained from participating in the Title IX proceedings given the concurrent criminal prosecution that was underway. Miltenberg also requested that Hasselbacher stay the Title IX proceedings until the close of the criminal matter as critical evidence would become available over the next few months. However, Hasselbacher refused to stay the proceedings.

11.    On August 30, 2018, UW-Madison's Vice Chancellor for Legal Affairs, Raymond Taffora, responded to Miltenberg' s letter, acknowledging the fact that the University attempted to

obtain evidence from the Dane County District Attorney's Office but that the evidence would not be available until the resolution of the criminal matter. Nevertheless, the University elected to proceed with the Title IX investigation despite knowing there was relevant evidence that they did not possess, but could possess if they waited.

12.    On August 31, 2018, Defendant Hasselbacher concluded her investigation and issued the Initial Investigative Report. Neither myself nor my attorneys received any evidence from the District Attorney's office before the close of Hasselbacher's investigation at that time.

13.    On September 21, 2018, Defendant Hasselbacher issued a Draft Amended Initial Investigative Report.

14.    On September 27, 2018, my attorneys received an initial packet of discovery from the District Attorney's Office, which included some non-substantial video footage from my apartment building on the night of April 21, 2018 and one witness statement. My attorneys submitted the initial packet of discovery to Hasselbacher, and neither myself nor my attorneys withheld any evidence from the University. However, the most critical, exculpatory evidence was still in the sole possession of the District Attorney's Office and had not yet been released to my attorneys.

15.    On October 9, 2018, I received an email from Defendant Hasselbacher stating that she had completed the Final Investigative Report and forwarded it to the Office of Student Conduct and Community Standards for decision making. Hasselbacher stated that the next communication that I would receive from her would be a finding letter.

16.    Accordingly, neither myself nor my attorneys withheld any evidence from the University throughout the investigation. My attorneys received a few pieces of evidence on September 27, 2018 that was submitted to Hasselbacher. However, my attorneys informed

Hasselbacher multiple times that there would be critical, exculpatory evidence that would become available at the close of the criminal matter. Hasselbacher refused to wait for the exculpatory evidence and proceeded forward with a knowingly one-sided report. This one-sided report was subsequently provided to the panel who conducted my disciplinary hearing and issued the final determination.

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated: June 4, 2021

Quintez Cephus