# Re: Case number 2017269601

**From:**   Atty. Stephen Meyer <defender6@stephenmeyerlaw.com>
**To:**     LAUREN HASSELBACHER <lauren.hasselbacher@wisc.edu>; QUINTEZ RA'QUAN
          CEPHUS <cephus@wisc.edu>
**Date:**   Thu, 31 May 2018 15:04:50 -0500

Dear Ms. Hasselbacher, by way of introduction, I am the attorney for
Quintez Cephus.  He has provided to me a copy of the notice of charge
and the amended notice of charge that he received from you earlier this
week. Per those notices, I am contacting you in order to schedule a
meeting.  I am familiar with the attorney's role as a support person for
the student.  In this case, I am also in the process of developing
information that may be critical in the investigative/determination
process.

If Quntez needs to execute any documents that you require in order for
you to communicate directly with me, please provide the same and we will
get that taken care of forthwith.

Thank you.

Steve

--
Stephen J. Meyer
10 East Doty St. #800
Madison, WI 53703
(608)255-0911

www.stephenmeyerlaw.com

The information contained in this email transmission is the property of Meyer Law Office,
attorney-client privileged and confidential. It is intended only for the use of the individual
or entity named above. If the reader of this message is not the intended recipient, you are hereby
notified that any dissemination, distribution, or copying of this communication is strictly prohibited.
If you have received this communication in error, please notify us immediately by reply email. Thank
you.

# Re: Quintez Cephus Case #201769601

| | |
|---|---|
| **From:** | Atty. Stephen Meyer <defender6@stephenmeyerlaw.com> |
| **To:** | LAUREN HASSELBACHER <lauren.hasselbacher@wisc.edu> |
| **Date:** | Wed, 06 Jun 2018 11:21:25 -0500 |
| **Attachments:** | cephus_Hasselbacher letter6-6.pdf (50.44 kB) |

Hi Lauren, please see my attached letter on the above investigation.

Steve

--
Stephen J. Meyer
10 East Doty St. #800
Madison, WI 53703
(608)255-0911

www.stephenmeyerlaw.com

The information contained in this email transmission is the property of Meyer Law Office, attorney-client privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply email. Thank you.

BOR_003023

Exhibit 509, page 2

# MEYER LAW OFFICE

10 EAST DOTY STREET
SUITE 800
MADISON, WISCONSIN 53703

STEPHEN J. MEYER
ATTORNEY AT LAW

TELEPHONE (608) 255-0911
FACSIMILE (608) 441-5707

June 6, 2018

Lauren Hasselbacher
Campus Title IX Coordinator
University of Wisconsin-Madison
354 Bascom Hall
Madison, WI (sent via email: lauren.hasselbacher@wisc.edu )

> Re: *Quintez Cephus*
> Case number 201769601

Dear Ms. Hasselbacher,

This letter is a follow up to your email of May 31, 2017 in which you indicated that your investigation was ongoing. It is my believe that there is critical information in the hands of law enforcement, Madison Police Department and the Dane County District Attorney's office that disputes the allegations of ▉▉▉▉▉ and ▉▉▉▉▉▉ that they were incapacitated from alcohol and unable to provide consent.

That evidence is specifically as follows:

    1. Forensic evidence of ▉▉▉▉▉ and ▉▉▉▉▉▉ Blood Alcohol Content on April 22, 2018 in the nature of toxicology report from the State Crime Lab or Hygiene Lab and/or a breathalyzer test result.

    2. Security Camera footage retrieved from the Humbacher Apartments located at 1216 Spring St, Madison, Wisconsin, which shows the entry to and departure from the building by both ▉▉▉▉▉ and ▉▉▉▉▉ during the early morning hours of April 22, 2018.

    3. Security camera footage retrieved from the Double U located at 620 University Ave., Madison, Wisconsin, which shows the interaction between my client and ▉▉▉ ▉▉▉ and ▉▉▉▉▉ from for approximately one hour around midnight on April 21, 2018.

BOR_003024
Exhibit 509, page 3

4. Confirmation by law enforcement that no photo of ██████████ and ██████ ██████ as alleged were recovered from an forensic examination of Mr. Cephus's phone.

5. The results of the execution of the search of Mr. Cephus' apartment which occurred on April 22, 2018.

In addition to the above materials, I believe that the University is in possession of security camera video from Ogg Hall and Sellery Hall which shows all of the parties and their physical condition while entering and leaving these residences after 2:27 a.m. on the morning of April 22, 2018. My investigator has requested these items to be preserved but has been informed that they are unavailable without a subpoena which I can issue at this time.

I urge you to obtain and review the above listed materials.


Sincerely,

/s/ *Stephen J. Meyer*

Stephen J. Meyer
mc

cc. Quintez Cephus

# Re: Quintez Cephus Case #201769601

| | |
|---|---|
| **From:** | Atty. Stephen Meyer <defender6@stephenmeyerlaw.com> |
| **To:** | LAUREN HASSELBACHER <lauren.hasselbacher@wisc.edu> |
| **Cc:** | QUINTEZ RA'QUAN CEPHUS <cephus@wisc.edu> |
| **Date:** | Thu, 21 Jun 2018 16:55:17 -0500 |
| **Attachments:** | Cephus_Hasselbacher letter6-21.pdf (52.96 kB); Cephus_Attachment to 6-21 letter.pdf (320.1 kB) |

Hi Lauren,  I am attaching a letter with second attachment in response
to your email set forth below.  Thank you.

Steve

Stephen J. Meyer
10 East Doty St. #800
Madison, WI 53703
(608)255-0911

www.stephenmeyerlaw.com


The information contained in this email transmission is the property of Meyer Law Office,
attorney-client privileged and confidential. It is intended only for the use of the individual
or entity named above. If the reader of this message is not the intended recipient, you are hereby
notified that any dissemination, distribution, or copying of this communication is strictly prohibited.
If you have received this communication in error, please notify us immediately by reply email. Thank
you.

On 6/19/2018 4:10 PM, LAUREN HASSELBACHER wrote:
> Hello Stephen and Quintez,
> Thank you for providing me the attached information. I have requested the relevant Madison Police
Report, and should obtain it once it is cleared for release. I have been told that security footage from
campus has also been saved, but it is not available to review until the report is also available.
>
> Can you provide more context as to your understanding of contents the MPD report?
>
> Also, I want to clarify that Quintez can provide information relevant to the investigation at any time,
which could include participating in an interview. You can also provide names of witnesses or other
documentation (text messages, photos, etc.) that you believe may be relevant. Otherwise, it is my
intention to alert you when I am nearing the conclusion of the investigation and provide an opportunity
to meet with me at that time.
>
> Please let me know if you have questions.
>
> Regards,
> Lauren
>
> Lauren Hasselbacher
> Campus Title IX Coordinator
> University of Wisconsin-Madison
> 354 Bascom Hall
> 608-890-3788
> Lauren.Hasselbacher@wisc.edu

BOR_004789

>
> -----Original Message-----
> From: Atty. Stephen Meyer <defender6@stephenmeyerlaw.com>
> Sent: Wednesday, June 06, 2018 11:21 AM
> To: LAUREN HASSELBACHER <lauren.hasselbacher@wisc.edu>
> Subject: Re: Quintez Cephus Case #201769601
>
> Hi Lauren, please see my attached letter on the above investigation.
>
> Steve
>
> --
> Stephen J. Meyer
> 10 East Doty St. #800
> Madison, WI 53703
> (608)255-0911
>
> www.stephenmeyerlaw.com
>
>
> The information contained in this email transmission is the property of Meyer Law Office, attorney-client privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.
> If you have received this communication in error, please notify us immediately by reply email. Thank you.
>

# MEYER LAW OFFICE

10 EAST DOTY STREET
SUITE 800
MADISON, WISCONSIN 53703

STEPHEN J. MEYER
ATTORNEY AT LAW

TELEPHONE (608) 255-0911
FACSIMILE (608) 441-5707

June 19, 2018

Assistant District Attorney Andrea Raymond
Dane County District Attorney's Office
215 S Hamilton St # 3000
Madison, WI 53703 (sent via email: Andrea.Raymond@da.wi.gov )

> RE:   **Request for Preservation of Exculpatory Materials**
> **Quintez Cephus**

Dear Assistant District Attorney Raymond:

I am writing to request that the following materials be preserved in the matter involving Quintez Cephus. I believe that all of these items potentially have exculpatory value and are critical to the defense. The due process clause of the Fourteenth Amendment imposes a duty on the State to preserve exculpatory evidence. *State v. Greenwold*, 181 Wis.2d 881, 885, 512 N.W.2d 237 (Ct.App.1994) (Greenwold I ).The State has an obligation to preserve evidence "that might be expected to play a significant role in the suspect's defense." *State v. Oinas*, 125 Wis.2d 487, 490, 373 N.W.2d 463 (Ct.App.1985). It is our position that the following materials (1) have an exculpatory value that should be apparent and (2) the defense will be unable to obtain comparable materials if these items are not preserved. *Oinas*, 125 Wis.2d at 490, 373 N.W.2d 463.

Given the nature of the investigation I think you will agree that these items should be obtained, preserved and at the appropriate point in time be turned over to the defense.

1.    Video footage from the security cameras located at 1216 Spring St., Madison, Wi., for the lobby/front door area, elevator and 2nd floor cameras depicting the complainants and any witnesses during the early morning hours of April 22, 2018.

2.    Video footage of the entrances to Witte and Sellery Halls where the students returned during the early morning hours of April 22, 2018. We believe that this footage and footage described in paragraph one (1) will demonstrate that the students appeared to be sober and were not physically impaired.

2016 WISCONSIN CRIMINAL DEFENSE LAWYER OF THE YEAR BY BEST LAWYERS©

3.   Video footage from the "Brats" bar where the two complainants, ▮. ▮. and ▮.▮. , along with a potential witness, ▮▮., may have obtained alcohol using fake identification. This would also demonstrate how much alcohol the students drank and their respective physical status.

4.   Video footage from the "UU" from 11 p.m., April 21, 2018 through 1 a.m., April 22, 2018 which contain images of Mr. Cephus, the complainants and other witnesses. We believe this footage will demonstrate any alcohol drank by the parties, the relationship between the parties and demonstrate that the complainants were not physically impaired.

5.   Video footage from City cameras located along University Avenue and Frances Street from approximately midnight until 1 a.m., April 22, 2018 which contain images of the complainants and other witnesses leaving the "UU" and walking to the Frances St. Parking Ramp. Similar to the other video footage, we believe that this would demonstrate the absence of physical impairment of the complainants.

6.   Text messages, Facebook messages, Instagram message and other messaging in social media from the phones of ▮. ▮. and ▮. ▮. We believe the messaging before, during and after the events of the evening will support the defense in this case and show that any sexual contact was knowing and consensual.

7.   The 911 call or other notification of the alleged assault.

8.   The CAD report or any other report of the movements and directions given to the officers, including but not limited to written summaries and audio recordings between the officers or between dispatch and the officers.

9.   Any emails, or other writings from ▮. ▮. and ▮. ▮. to members of the district attorneys office or law enforcement in which any aspect of the events of the early morning hours of April 22, 2018 is set forth.

10.  The results of any urine or blood analysis of ▮.▮. and ▮.▮. conducted as a direct consequence of this investigation.

Thank you for your attention.

2

BOR_004792

Sincerely,

/s/ *Stephen J. Meyer*

Stephen J. Meyer
mc

cc. Quintez Cephus
cc. Attorney Kathy Stilling
cc. Det. Taya Dolsen ( sent via email tdolsen@cityofmadison.com )

3

Confidential

# MEYER LAW OFFICE

10 EAST DOTY STREET
SUITE 800
MADISON, WISCONSIN 53703

STEPHEN J. MEYER
ATTORNEY AT LAW

TELEPHONE (608) 255-0911
FACSIMILE (608) 441-5707

June 21, 2018

Lauren Hasselbacher
Campus Title IX Coordinator
University of Wisconsin-Madison
354 Bascom Hall
Madison, WI (sent via email: lauren.hasselbacher@wisc.edu )

Re: *Quintez Cephus*
Case number 201769601

Dear Ms. Hasselbacher,

I am writing this letter and providing various attachments in response to your email of June 18, 2018. Despite the pending criminal investigation, it is still our (Quintez and myself) intention to cooperate and participate in your investigation. I assume that you are subject to the privilege set forth in §885.205, *stats.* If you are not so covered, please advise. Just so we are clear, by participating, we do not waive the privilege.

There is more evidence being held by the police department than just a report. Previously, in my letter to you of June 6, 2018, I set forth evidence which I believe was in the hands of law enforcement, all of which is critical in making a fair determination in this matter. Since my letter, I have to come to belief that there is more information in the hands of law enforcement that is of assistance and I sent a letter to the prosecution asking that evidence be preserved. I am including a copy of that letter dated June 19, 2018. In addition to the items set forth in that letter, there is also the results of the execution of the search warrant on April 22, 2018. None of this evidence has been made available to me by law enforcement. However, the District Attorney's office has confirmed to me that there is no allegation, evidence, or suggestion that roofies were involved.

Accordingly, the critical question appears to be alcohol ingestion by the complainants. To assist everyone in properly evaluating that question, I am including the standard jury instruction for a violation of §940.225(2)(cm), *stats.*, WIS JI Crim 1212. As you can tell, a violation of that statute requires more than the complainant being under the influence of

2016 WISCONSIN CRIMINAL DEFENSE LAWYER OF THE YEAR BY BEST LAWYERS©

Confidential

an intoxicant. Specifically, it is required that ▮.▮. and ▮.▮. were under the influence of an intoxicant to a degree which rendered each of them incapable of giving consent and that Quintez Cephus had actual knowledge that ▮.▮. and ▮.▮. were incapable of giving consent.

There are two other matters that need to be considered. Early on, both ▮.▮. and ▮.▮. were represented by the same lawyer who was secured by the father of ▮.▮. While I respect the fact that each complainant is entitled to have an advisor, I give serious pause to a situation where both have the same lawyer during each respective interview when I believe that there has been early and frequent coordination between ▮.▮. and ▮.▮. as to their stories about the incident.

Finally, you should be aware that Quintez suffers from a Learning Disability and does have an accommodation specialist through the McBurney Center. We expect that during this investigation and any subsequent proceedings that Quintez will receive the same accommodations he currently receives on an academic level, and if needed, any additional accommodations that we deem necessary to reasonably ensure his full understanding and participation in this matter.

 Thank you.


Sincerely,

/s/ *Stephen J. Meyer*

Stephen J. Meyer
mc

cc. Quintez Cephus

2

# Quintez Cephus Case #201769601

| | |
|---|---|
| From: | Atty. Stephen Meyer <defender6@stephenmeyerlaw.com> |
| To: | LAUREN HASSELBACHER <lauren.hasselbacher@wisc.edu> |
| Cc: | QUINTEZ RA'QUAN CEPHUS <cephus@wisc.edu> |
| Date: | Thu, 28 Jun 2018 16:51:30 -0500 |
| Attachments: | Cephus_Hasselbacher letter6-28.pdf (42.45 kB); Cephus_███_text.pdf (51.81 kB) |

Hi Lauren, a further response to your inquiry last week. Letter and
enclosure is attached. Thank you.

Steve

--
Stephen J. Meyer
10 East Doty St. #800
Madison, WI 53703
(608)255-0911

www.stephenmeyerlaw.com

The information contained in this email transmission is the property of Meyer Law Office,
attorney-client privileged and confidential. It is intended only for the use of the individual
or entity named above. If the reader of this message is not the intended recipient, you are hereby
notified that any dissemination, distribution, or copying of this communication is strictly prohibited.
If you have received this communication in error, please notify us immediately by reply email. Thank you.

# MEYER LAW OFFICE

10 EAST DOTY STREET
SUITE 800
MADISON, WISCONSIN 53703

STEPHEN J. MEYER
ATTORNEY AT LAW

TELEPHONE (608) 255-0911
FACSIMILE (608) 441-5707

June 28, 2018

Lauren Hasselbacher
Campus Title IX Coordinator
University of Wisconsin-Madison
354 Bascom Hall
Madison, WI (sent via email: lauren.hasselbacher@wisc.edu )

     Re: *Quintez Cephus*
        Case number 201769601

Dear Ms. Hasselbacher,

I write for two purposes. First, I learned this week that ██. and █▌. are no longer represented by the same lawyer. Although initially both were represented by the same counsel (Lazar Raynal, then Stephen Hurley), Attorney Lester Pines notified me on Tuesday that he was now representing ██., alone. This fact, however, does not alleviate my concerns about coordination between ██. and ██. concerning their stories about the incident. I believe that there has been a historical social relationship between ██. and ██. going back to attending Loyola Academy in Chicago together before college.

Second, earlier this week, I was contacted by M.P.D. requesting that I provide a copy of a text sent from ██. to my client that I previously provided to the District Attorney's office. I am including a copy of that text. The heart emojis on the text were sent by ██. to my client at 3:22 a.m. on Sunday morning, April 22, 2018.

Thank you.

Sincerely,

/s/ *Stephen J. Meyer*

Stephen J. Meyer
mc

BOR_004622
Exhibit 509, page 13



# Re: Follow-up

**From:** Atty. Stephen Meyer <defender6@stephenmeyerlaw.com>
**To:** LAUREN HASSELBACHER <lauren.hasselbacher@wisc.edu>
**Cc:** QUINTEZ RA'QUAN CEPHUS <cephus@wisc.edu>; Jennifer Horace <jennifer.horace@wisc.edu>; Kathy Stilling <kstilling@bwslawfirm.com>; Andrew T. Miltenberg <amiltenberg@nmllplaw.com>
**Date:** Fri, 10 Aug 2018 14:07:20 -0500

Hi Lauren, thank you for following up on our discussion. I too have some follow up inquiry which will be sent via a second email. Please note that Ms. Stilling's email is cc'd and you can use that for purposes of future communication. At this time it is Q's intention to participate. You may be receiving communications from Atty Miltenberg and/or Atty. Stilling during my absence next week.

Thank you.

Stephen J. Meyer
10 East Doty St. #800
Madison, WI 53703
(608)255-0911

www.stephenmeyerlaw.com

The information contained in this email transmission is the property of Meyer Law Office, attorney-client privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply email. Thank you.
On 8/9/2018 5:43 PM, LAUREN HASSELBACHER wrote:

Hello Stephen & Quintez,

Thank you for meeting with us yesterday. I consulted with the Office of Legal Affairs regarding your questions about the possible release of student records. This is what was provided in response:

The FERPA statute is 20 U.S.C. s. 1232g. The FERPA regulations can be found at 34 CFR Part 99. The VAWA regulations are also relevant and can be found at: 34 CFR Part 668.

While the University cannot represent what it would do in hypothetical situations that have not yet occurred, some basic information is below.

- Per FERPA, the University can share student information in response to law enforcement subpoenas/warrants. If there is a court order telling us not to disclose the subpoena/warrant to the impacted student, we will not provide notice. As a practical matter, MPD and UWPD almost always obtain a court order precluding us from disclosing the subpoena/warrant.
- Per VAWA, we must share information used during the disciplinary proceedings with both the respondent(s) and complainant(s). This sharing does not violate FERPA.
- If a student is found responsible for violating our disciplinary policy by having committed a "crime of violence," we can publicly announce the "final results" of the disciplinary process. The terms in quotes have specific statutory definitions.

Confidential

If you have additional information about the information above, please contact Rachel Jeris, Senior University Legal Counsel, at 608-263-7400 or Rachel.jeris@wisc.edu.

Additionally, below are the links to policy we discussed:
Chapter UWS 17
UW-Madison Policy on Sexual Harassment and Sexual Violence
Title IX Investigation/Disciplinary Process

As of now, we are scheduled to meet for an interview on August 23 at 4:00 p.m. Please let us know if Quintez chooses not to participate. Also feel free to call or email if you have additional questions.

Regards,
Lauren

**Lauren Hasselbacher**
Campus Title IX Coordinator
University of Wisconsin-Madison
354 Bascom Hall
608-890-3788
Lauren.Hasselbacher@wisc.edu

# Quintez Cephus | Case #201769601

**From:** Andrew T. Miltenberg <amiltenberg@nmllplaw.com>
**To:** LAUREN HASSELBACHER <lauren.hasselbacher@wisc.edu>; Jennifer Horace <jennifer.horace@wisc.edu>
**Cc:** QUINTEZ RA'QUAN CEPHUS <cephus@wisc.edu>; Raymond Taffora <ray.taffora@wisc.edu>; Cathleen Trueba <cathy.trueba@wisc.edu>; Kathy Stilling <kstilling@bwslawfirm.com>; Atty. Stephen Meyer <defender6@stephenmeyerlaw.com>
**Date:** Thu, 16 Aug 2018 15:11:52 -0500

I am engaged on a Mediation (out of state) and then series of oral arguments (also out of state) next week, and will be traveling. Since I intend to be present during Quintez' interview, perhaps we can schedule such for Monday, August 27 or Tuesday, August 28. I hope that this is not an inconvenience for everyone - Quentez, Stephen, Kathy and I appreciate the accommodation.

Thank you.

Andrew T. Miltenberg
Nesenoff & Miltenberg, LLP
363 Seventh Avenue, 5th Floor
New York, NY 10001-3904
212.736.4500   •   212.736.2260 fax
Vcard   •   nmllplaw.com



**Andrew T. Miltenberg, Partner**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500   •   212.736.2260 fax

Vcard   •   nmllplaw.com

This electronic message, including any and all attachments hereto, is intended solely to be used by the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution, copying or retention of this communication or the information contained herein is strictly prohibited. If you have received this message communication in error, please notify us by telephone immediately and permanently delete the original and any copy or printout thereof. Statements made in, or attachments to, this email are not intended to be contractual in nature, and are therefore not binding on this firm or our clients unless and until mutually satisfactory agreements memorializing the subject matter of this transmission are executed by hand, in ink, (or by facsimile if authorized by the parties) and hard copies are mutually delivered by the parties thereto. Thank you.

The sender believes that this E-mail and any attachments were free of any virus, worm, Trojan horse,

BOR_005133

Exhibit 509, page 17

and/or malicious code when sent. This message and its attachments could have been infected during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for taking protective and remedial action about viruses and other defects. The sender and the sender's employer is/are not liable for any loss or damage arising in any way from this message or its attachments.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This firm does not accept and is not authorized to accept service of process on behalf of any of our clients, including, but not limited to, service of process via email or fax.

-----Original Message-----
From: Atty. Stephen Meyer <defender6@stephenmeyerlaw.com>
Sent: Friday, August 10, 2018 4:51 PM
To: LAUREN HASSELBACHER <lauren.hasselbacher@wisc.edu>; Jennifer Horace <jennifer.horace@wisc.edu>
Cc: QUINTEZ RA'QUAN CEPHUS <cephus@wisc.edu>; Andrew T. Miltenberg <AMiltenberg@nmllplaw.com>; ray.taffora@wisc.edu; cathy.trueba@wisc.edu; Kathy Stilling <kstilling@bwslawfirm.com>
Subject: RE: Quintez Cephus Case #201769601 Follow Up to 8-8-18 Meeting

Hi Lauren, as I indicated earlier, I did have some particular follow up questions concerning last Wednesday's meeting.  Because one of my questions focuses on the legal definitions being used by your office and eventually by Dean Kip Cox, I have cc'd the attached letter to Atty. Taffora.  If it is more appropriate to just to cc Atty. Jeris instead, please advise according but I wanted to get this letter in circulation before I leave next week.  Additionally, the letter also addresses, I believe, the modes of investigation undertaken by your office so I included a cc to Cathy Trueba.

Thank you.

Steve

--
Stephen J. Meyer
10 East Doty St. #800
Madison, WI 53703
(608)255-0911

www.stephenmeyerlaw.com

The information contained in this email transmission is the property of Meyer Law Office, attorney-client privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

If you have received this communication in error, please notify us immediately by reply email. Thank you.

Confidential

# RE: Quintez Cephus | Case #201769601

**From:**    LAUREN HASSELBACHER <lauren.hasselbacher@wisc.edu>
**To:**    Andrew T. Miltenberg <amiltenberg@nmllplaw.com>; QUINTEZ RA'QUAN CEPHUS
<cephus@wisc.edu>; Kathy Stilling <kstilling@bwslawfirm.com>; Atty. Stephen Meyer
<defender6@stephenmeyerlaw.com>
**Cc:**    Jennifer Horace <jennifer.horace@wisc.edu>
**Date:**    Wed, 22 Aug 2018 18:02:04 -0500

Hello everyone,
I understand circumstances have changed since we connected last week. If Quintez chooses to no
longer participate in an interview with our office, please let us know. Of course, he is still welcome to
do so if he chooses.

Additionally, Quintez should know there are confidential services available for support on campus,
specifically UHS Mental Health Services. There are also confidential sports psychologists within the
Athletics Department.

Please let me know if you have any questions.

Regards,
Lauren

---

**From:** LAUREN HASSELBACHER
**Sent:** Thursday, August 16, 2018 4:01 PM
**To:** 'Andrew T. Miltenberg' <AMiltenberg@nmllplaw.com>; Jennifer Horace
<jennifer.horace@wisc.edu>
**Cc:** QUINTEZ RA'QUAN CEPHUS <cephus@wisc.edu>; Kathy Stilling <kstilling@bwslawfirm.com>;
Atty. Stephen Meyer <defender6@stephenmeyerlaw.com>
**Subject:** RE: Quintez Cephus | Case #201769601

Hello everyone,
We can schedule a meeting for the afternoon of Monday, August 27 at 1:00 p.m. If there is any other
information you would like us to consider as part of our investigation – including witness names,
copies of text messages, photos, etc. – please provide those by Monday, August 20 (if you have not
already) so that we may work on concluding our investigation in the meantime.

Please let me know if Quintez needs assistance in being excused from practice. Additionally, if
Quintez ███████████████████ for this meeting beyond what we have previously discussed,
please let us know that as well.

Regards,
Lauren

---

**From:** Andrew T. Miltenberg <AMiltenberg@nmllplaw.com>
**Sent:** Thursday, August 16, 2018 3:13 PM
**To:** LAUREN HASSELBACHER <lauren.hasselbacher@wisc.edu>; Jennifer Horace
<jennifer.horace@wisc.edu>
**Cc:** QUINTEZ RA'QUAN CEPHUS <cephus@wisc.edu>; Raymond Taffora <ray.taffora@wisc.edu>;
Cathleen Trueba <cathy.trueba@wisc.edu>; Kathy Stilling <kstilling@bwslawfirm.com>; Atty. Stephen

BOR_002088

Meyer <defender6@stephenmeyerlaw.com>
**Subject:** RE: Quintez Cephus | Case #201769601

**Andrew T. Miltenberg, Partner**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500    •    212.736.2260 fax

Vcard    •    nmllplaw.com

This electronic message, including any and all attachments hereto, is intended solely to be used by the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution, copying or retention of this communication or the information contained herein is strictly prohibited. If you have received this message communication in error, please notify us by telephone immediately and permanently delete the original and any copy or printout thereof. Statements made in, or attachments to, this email are not intended to be contractual in nature, and are therefore not binding on this firm or our clients unless and until mutually satisfactory agreements memorializing the subject matter of this transmission are executed by hand, in ink, (or by facsimile if authorized by the parties) and hard copies are mutually delivered by the parties thereto. Thank you.

The sender believes that this E-mail and any attachments were free of any virus, worm, Trojan horse, and/or malicious code when sent. This message and its attachments could have been infected during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for taking protective and remedial action about viruses and other defects. The sender and the sender's employer is/are not liable for any loss or damage arising in any way from this message or its attachments.

SPECIAL NOTICE TO CLIENT(S): If you are a client of this firm and this e-mail is directed to you, DO NOT FORWARD to any other party, or you could be waiving the attorney-client privilege.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This firm does not accept and is not authorized to accept service of process on behalf of any of our clients, including, but not limited to, service of process via email or fax.

-----Original Message-----
From: Andrew T. Miltenberg
Sent: Thursday, August 16, 2018 4:12 PM
To: LAUREN HASSELBACHER <lauren.hasselbacher@wisc.edu>; Jennifer Horace
<jennifer.horace@wisc.edu>
Cc: QUINTEZ RA'QUAN CEPHUS <cephus@wisc.edu>; ray.taffora@wisc.edu;
cathy.trueba@wisc.edu; Kathy Stilling <kstilling@bwslawfirm.com>; 'Atty. Stephen
Meyer' <defender6@stephenmeyerlaw.com>
Subject: Quintez Cephus | Case #201769601

I am engaged on a Mediation (out of state) and then series of oral
arguments (also out of state) next week, and will be traveling. Since I intend to
be present during Quintez' interview, perhaps we can schedule such for
Monday, August 27 or Tuesday, August 28. I hope that this is not an
inconvenience for everyone - *[Andrew T. Miltenberg]* Quintez ~~Quentez~~, Stephen,
Kathy and I appreciate the accommodation.

Thank you.

Andrew T. Miltenberg
Nesenoff & Miltenberg, LLP
363 Seventh Avenue, 5th Floor
New York, NY 10001-3904
212.736.4500  •  212.736.2260 fax
Vcard  •  nmllplaw.com

-----Original Message-----
From: Atty. Stephen Meyer <defender6@stephenmeyerlaw.com>
Sent: Friday, August 10, 2018 4:51 PM
To: LAUREN HASSELBACHER <lauren.hasselbacher@wisc.edu>; Jennifer Horace
<jennifer.horace@wisc.edu>
Cc: QUINTEZ RA'QUAN CEPHUS <cephus@wisc.edu>; Andrew T. Miltenberg
<AMiltenberg@nmllplaw.com>; ray.taffora@wisc.edu; cathy.trueba@wisc.edu; Kathy Stilling
<kstilling@bwslawfirm.com>
Subject: RE: Quintez Cephus Case #201769601 Follow Up to 8-8-18 Meeting

Hi Lauren, as I indicated earlier, I did have some particular follow up questions
concerning last Wednesday's meeting.  Because one of my questions focuses on
the legal definitions being used by your office and eventually by Dean Kip Cox,
I have cc'd the attached letter to Atty.

Taffora.  If it is more appropriate to just to cc Atty. Jeris instead, please advise according but I wanted to get this letter in circulation before I leave next week. Additionally, the letter also addresses, I believe, the modes of investigation undertaken by your office so I included a cc to Cathy Trueba.

Thank you.

Steve

--
Stephen J. Meyer
10 East Doty St. #800
Madison, WI 53703
(608)255-0911

www.stephenmeyerlaw.com


The information contained in this email transmission is the property of Meyer Law Office, attorney-client privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.
If you have received this communication in error, please notify us immediately by reply email. Thank you.

# Re: Apartment Departure Powerpoint Video

**From:**   Atty. Stephen Meyer <defender6@stephenmeyerlaw.com>
**To:**     LAUREN HASSELBACHER <lauren.hasselbacher@wisc.edu>; Rachel A. Jeris
           <rachel.jeris@wisc.edu>; QUINTEZ RA'QUAN CEPHUS <cephus@wisc.edu>
**Cc:**     amiltenberg@nmllplaw.com
**Date:**   Thu, 20 Sep 2018 13:39:56 -0500

Hi Lauren, subject to the conditions set forth in my email and Atty. Jeris's response I will be
providing to you a copy of the powerpoint/video. The file is too big to attach to this email so
by separate email later this afternoon you will be getting a link to my dropbox to access the
powerpoint. It is my understanding that you might need to download the powerpoint from the
dropbox in order to activate the playback of the video footage. I am out of the office
tomorrow, so if there are any questions, I will address those when I return on Monday.
Thank you.
Steve
Stephen J. Meyer
10 East Doty St. #800
Madison, WI 53703
(608)255-0911

www.stephenmeyerlaw.com


The information contained in this email transmission is the property of
Meyer Law Office,
attorney-client privileged and confidential. It is intended only for the
use of the individual
or entity named above. If the reader of this message is not the intended
recipient, you are hereby
notified that any dissemination, distribution, or copying of this
communication is strictly prohibited.
If you have received this communication in error, please notify us
immediately by reply email. Thank you.
On 9/19/2018 5:54 PM, LAUREN HASSELBACHER wrote:

> Hello Stephen,
> In consideration of Rachel's response below, are you willing to provide the footage to our
> office? If yes, please do so as soon as possible, but no later than Friday, September 21.
>
> Please let me know if you have any questions.
>
> Lauren

---

**From:** Rachel A. Jeris
**Sent:** Tuesday, September 18, 2018 6:18 PM
**To:** Atty. Stephen Meyer <defender6@stephenmeyerlaw.com>; LAUREN HASSELBACHER
<lauren.hasselbacher@wisc.edu>; QUINTEZ RA'QUAN CEPHUS <cephus@wisc.edu>
**Cc:** AMiltenberg@nmllplaw.com; Stuart Bernstein <SBernstein@nmllplaw.com>; Rachel A. Jeris

<rachel.jeris@wisc.edu>
**Subject:** RE: Apartment Departure Powerpoint Video

Hi Stephen,

Lauren and I connected this afternoon, and your summary is correct. I want to note a couple of additional points that I raised during our call yesterday. The power point/video will be made available for viewing by University decision makers during the Chapter 17 process. Specifically, it will be made available for viewing by University employees who review the matter for a finding of responsible/not responsible. If there's a hearing, the video will be made available for viewing by the hearing panel, and the video would be made available for viewing by any appellate decision makers.

UW-Madison can agree not to provide copies of the video to complainants/other respondent, so long as we make it accessible for viewing by the other parties and their advisors after the initial finding of responsible or not responsible.

All other disclosures of the video outside of the University would be governed by FERPA, 20 U.S.C. s. 1232g.

Kind regards,
Rachel A. Jeris
Senior University Legal Counsel
Office of Legal Affairs
University of Wisconsin-Madison
361 Bascom Hall
500 Lincoln Drive
Madison, Wisconsin  53706
Email: rachel.jeris@wisc.edu
Tel: 608.263.7400
Fax: 608.263.4725

---

**From:** Atty. Stephen Meyer <defender6@stephenmeyerlaw.com>
**Sent:** Tuesday, September 18, 2018 3:18 PM
**To:** LAUREN HASSELBACHER <lauren.hasselbacher@wisc.edu>; QUINTEZ RA'QUAN CEPHUS <cephus@wisc.edu>
**Cc:** AMiltenberg@nmllplaw.com; Rachel A. Jeris <rachel.jeris@wisc.edu>; Stuart Bernstein <SBernstein@nmllplaw.com>
**Subject:** Re: Apartment Departure Powerpoint Video

Hi Lauren, I would like to confirm my understanding as to how the Powerpoint video will be handled if I disclose its contents to the University for purposes of the Title 9 investigation. This was discussed yesterday with Atty. Jeris and I have cc'd her on this email.

I can provide a copy of the powerpoint video to you but require that it not be distributed to any of the parties nor a copy made for any of the other parties. This action would result in your written summary of your observations of this powerpoint (shown to you on August 1, 2018) being included in your report. Its content would not be accessible to or

viewable by any party until the Office of Student Conduct makes a finding of responsibility or non responsibility. Once that has been decided the parties would be permitted to view the powerpoint at the University but would not be allowed to make a copy or receive a copy. In other words the rules would be similar to the rules governing the dorm video, i.e. I, Quintez and Atty. Miltenberg can make arrangements to come and view the dorm video <u>after the finding</u> by the OSC, but cannot obtain a copy or make a copy.

I would appreciated confirmation of my understanding of the disclosure and access rules concerning this video.

Thank you.
Stephen J. Meyer
10 East Doty St. #800
Madison, WI 53703
(608)255-0911

www.stephenmeyerlaw.com

The information contained in this email transmission is the property of
Meyer Law Office,
attorney-client privileged and confidential. It is intended only for
the use of the individual
or entity named above. If the reader of this message is not the
intended recipient, you are hereby
notified that any dissemination, distribution, or copying of this
communication is strictly prohibited.
If you have received this communication in error, please notify us
immediately by reply email. Thank you.
On 9/12/2018 5:25 PM, LAUREN HASSELBACHER wrote:

Hello all,
Attached please a written statement provided by R2. Please consider this a supplement to the Initial Investigative Report that will be included in the Final Investigative Report. The same instructions provided on August 31, 2018 apply to this statement as well.

Regards,
Lauren

**From:** LAUREN HASSELBACHER
**Sent:** Friday, September 7, 2018 3:00 PM
**To:** 'QUINTEZ RA'QUAN CEPHUS' <cephus@wisc.edu>
**Cc:** 'defender6@stephenmeyerlaw.com' <defender6@stephenmeyerlaw.com>;
'AMiltenberg@nmllplaw.com' <AMiltenberg@nmllplaw.com>
**Subject:** RE:

Hello Quintez,
Thank you for acknowledging receipt of the report. Our usual turn-around time is one week, but because of the Labor Day weekend we did add an additional day to our deadline. However, because your advisors will be observing a religious holiday over the set review

period, we are agreeing to extend the deadline until 8:00 a.m. on Friday, September 14, 2018.

Regards,
Lauren

**Lauren Hasselbacher**
Campus Title IX Coordinator
University of Wisconsin-Madison
354 Bascom Hall
608-890-3788
Lauren.Hasselbacher@wisc.edu

---

**From:** QUINTEZ RA'QUAN CEPHUS
**Sent:** Thursday, September 6, 2018 1:27 PM
**To:** LAUREN HASSELBACHER <lauren.hasselbacher@wisc.edu>
**Subject:**

Dear Ms. Hasselbacher,

I write in response to your August 31, 2018 e-mail in which you provided me with a copy of your Investigative Report.

Please allow this e-mail to serve as a formal request for a one (1) week extension, until 5pm on Monday September 17, 2018 to provide you with my clarifications, additions, or any other thoughts to the Investigative Report.

This request is based upon the fact that my advisors and I only received the report on Friday afternoon of a holiday (Labor Day) weekend and your deadline for my response falls in the middle of the Jewish New Year, which begins at sundown Sunday September 9, 2018. Both of my advisors are Jewish religious observers.

I thank you in advance for your anticipated cooperation in this matter.

Respectfully submitted,

BOR_005095

Quintez

Confidential

# RE: Stephen Meyer shared "Cephus_Power_Point_Apt_Video.pptx" with you

**From:**     LAUREN HASSELBACHER <lauren.hasselbacher@wisc.edu>
**To:**       defender6@stephenmeyerlaw.com
**Cc:**       Rachel A. Jeris <rachel.jeris@wisc.edu>
**Date:**     Thu, 20 Sep 2018 17:39:39 -0500

Received, thank you.

Lauren

**From:** Stephen Meyer (via Dropbox) <no-reply@dropbox.com>
**Sent:** Thursday, September 20, 2018 4:08 PM
**To:** LAUREN HASSELBACHER <lauren.hasselbacher@wisc.edu>
**Subject:** Stephen Meyer shared "Cephus_Power_Point_Apt_Video.pptx" with you

Hi there,

Stephen Meyer (defender6@stephenmeyerlaw.com) invited you to view the file
**"Cephus_Power_Point_Apt_Video.pptx"** on Dropbox.

Stephen said:

*"Hi Lauren, please acknowledge reciept. Thank you. Steve"*

View file

Enjoy!

The Dropbox team

*Stephen and others will be able to see when you view this file. Other files shared with
you through Dropbox may also show this info.* *Learn more* *in our help center.*

© 2018 Dropbox

BOR_009961
Exhibit 509, page 30

# Fw: defender6@stephenmeyerlaw.com sent you files via WeTransfer

| | |
|---|---|
| **From:** | JAIMEE M GILFORD <jaimee.gilford@wisc.edu> |
| **To:** | LAUREN HASSELBACHER <lauren.hasselbacher@wisc.edu> |
| **Date:** | Tue, 06 Aug 2019 18:08:48 -0500 |
| **Attachments:** | Final-Petition- UWS 17.18-8-6 with Exhibits.pdf (33.41 MB) |

-------------------
Jaimee Gilford, J.D.
Director, Office of Compliance
ADA/504 Coordinator
University of Wisconsin-Madison
jaimee.gilford@wisc.edu
608-265-6018
*Relay Calls Accepted*
**From:** Raymond Taffora <ray.taffora@wisc.edu>
**Sent:** Tuesday, August 6, 2019 4:46 PM
**To:** JAIMEE M GILFORD <jaimee.gilford@wisc.edu>
**Subject:** FW: defender6@stephenmeyerlaw.com sent you files via WeTransfer

Fyi...


Raymond P. Taffora
Vice Chancellor for Legal Affairs
Office of Legal Affairs
University of Wisconsin-Madison
360 Bascom Hall
500 Lincoln Drive
Madison, WI. 53706
Phone: 608/263-7400
E-Mail: ray.taffora@wisc.edu


**From:** WeTransfer <noreply@wetransfer.com>
**Sent:** Tuesday, August 06, 2019 3:30 PM
**To:** Raymond Taffora <ray.taffora@wisc.edu>
**Subject:** defender6@stephenmeyerlaw.com sent you files via WeTransfer



[defender6@stephenmeyerlaw.com](mailto:defender6@stephenmeyerlaw.com)

## sent you some files

1 item, 31.9 MB in total  ·  Will be deleted on 13 August, 2019



on behalf of Mr. Cephus at his direction please find attached his Petition for Readmission to the Unive
s impractical to include the jump drive material, Attorney Stilling and myself will be dropping off a pap
ed jump drive shortly.

ownloads/1394bdfe8ea09cd6f15d96cbc241729820190806202929/03098606caff2f27bca276cd38e282412

18-8-6 with Exhibits.pdf

BOR_005190

To make sure our emails arrive, please add noreply@wetransfer.com to your contacts.

About WeTransfer  ·  Help  ·  Legal  ·  Report this transfer as spam